UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81171-CV-MARRA/MATTHEWMAN

HERBERT POTISH, as
Personal Representative of the
Estate of LENA POTISH, deceased

    Plaintiff,

v.

R.J. REYNOLDS TOBACCO COMPANY,
Individually and as successor by
Merger to Brown & Williamson
Tobacco Corporation, a North Carolina
Corporation,

    Defendants.
_____/



## ORDER GRANTING DEFENDANT'S EXPEDITED MOTION TO STRIKE PLAINTIFF'S PURPORTED "UPDATED" REPORT FROM PLAINTIFF'S HISTORIAN EXPERT LOUIS M. KYRIAKOUDES, PH.D [DE 36]

**THIS CAUSE** is before the Court upon Defendant, R.J. Reynolds Tobacco Company's ("Defendant), Expedited Motion to Strike Plaintiff's Purported "Updated" Report from Plaintiff's Historian Expert Louis M. Kyriakoudes, Ph.D. [DE 36]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra upon an Order referring all discovery to the undersigned for final disposition. *See* DE 9. Plaintiff, Herbert Potish ("Plaintiff"), filed a Response to the Motion [DE 40] and Defendant filed a Reply [DE 41]. The Court held a hearing on the Motion on November 27, 2017. The matter is now ripe for review.

### I.    Background

This wrongful death case was initially filed in state court on April 1, 2015, and arises from the damages allegedly suffered by Herbert Potish, the surviving spouse and personal representative of Lena Potish, due to Defendant's acts in manufacturing and selling tobacco products. [DE 1-2, pgs. 6,

9]. The case was removed to federal court on August 19, 2015. [DE 1]. On February 14, 2017, this Court entered an Order Granting Joint Motion for Second Modification of the Order Setting Trial Date and Discovery Deadlines. [DE 22]. The Order included a July 27, 2017 deadline for Plaintiff to serve its expert disclosures and Fed. R. Civ. P. 26(a)(2) expert reports; a November 24, 2017 deadline to complete all fact and expert discovery; and a December 5, 2017 deadline to file substantive pretrial motions. *Id.* On July 27, 2017, Plaintiff served his Disclosure of Witnesses Pursuant to Fed. R. Civ. P. 26(a)(2), which listed and provided a report authored by Plaintiff's retained historian expert, Louis M. Kyriakoudes, Ph.D. ("Kyriakoudes"). On this disclosure, Plaintiff listed Kyriakoudes as an expert who "will testify on the general subject matter of the history of cigarettes and the cigarette industry in American life," who also "may be called to discuss the historical issues…as they relate and apply to the plaintiff-specific situations in historical time and locales." [DE 25-1, pg. 2-3]. However, the attached report, dated July 25, 2017, contained no case-specific opinions relating to the decedent, Lena Potish. [DE 36, pg. 3].

On September 19, 2017, this Court granted Defendant's Motion to Compel Plaintiff to Provide Amended Expert Witness Disclosures, and ordered Plaintiff to serve amended expert disclosures on or before September 26, 2017. [DE 30, pg. 4]. On September 26, 2017, Plaintiff filed his Amended Expert Witness Disclosures. [DE 31]. The disclosure once again listed Kyriakoudes, described his report in exactly the same manner as described in the July 27, 2017 disclosure, and attached the same July 25, 2017 report to its amended disclosures. [DE 31, pg. 2]. Again, the report contained no case-specific opinions relating specifically to the decedent.

On November 13, 2017, Plaintiff served upon Defendant a supplemental expert report written by Kyriakoudes. The updated report included 3.5 pages of new text and relied on over 1,000 new documents and materials that were not provided in the July 25, 2017 expert report. The supplemental

report contained new opinions which related specifically to the Decedent's smoking habits and quitting history, and to the tobacco industry's marketing efforts and its impact on the decedent. [DE 36-3, pgs. 7, 9, 64-67]. Kyriakoudes' deposition was set for November 21, 2017, eight days after the filing of the supplemental report. [DE 36, pg. 6].

Defendant filed its Motion to Strike on November 14, 2017, and requested the Court strike Kyriakoudes' untimely "updated" report and preclude Kyriakoudes from offering any new opinions not proffered in the expert report served on September 26, 2017. [DE 36]. Defendant claims that the Plaintiff is attempting to unilaterally extend the Court's mandatory scheduling guidelines by providing an untimely "updated" expert report containing new opinions two months after the deadline of expert disclosures. [DE 36, pg. 6]. Defendant argues that allowing Plaintiff to supplement Kyriakoudes' report would severely prejudice Defendant because it would significantly alter its deposition preparation for Kyriakoudes, and impact its ability to submit substantive pretrial motions by the December 5, 2017 deadline. *Id.* It would also force Defendant to provide the supplemental report to its own experts in order to rebut the conclusions of Kyriakoudes, even though they have already been provided to Plaintiff.

In Plaintiff's Response, Plaintiff argues that he has a duty to supplement Kyriakoudes' expert report in light of new facts and developments of the case. [DE 40, pg. 2]. He also alleges that the supplemental report was provided in a timely manner because Kyriakoudes needed a reasonable opportunity to review the deposition transcripts of the children of the decedent, which were not taken until September 28 and 29. [DE 40, pg. 4]. Plaintiff argues that he provided the report to Defendant more than a week before the scheduled deposition of Kyriakoudes, allowing Defendants sufficient time to prepare. Additionally, because the deposition was postponed as a result of this Motion, Defendant will have more than three weeks of preparation and therefore will not be prejudiced by the

3

filing of the supplemental report. [DE 40, pg. 5]. Plaintiff also argues that the supplement adds only 3.5 pages to the report and therefore its impact will not be prejudicial to Defendant. *Id.*

In Defendant's Reply, Defendant rejects Plaintiff's argument that Kyriakoudes could not supplement the report until after the deposition of the decedent's children because the "updated" expert report *never* cites to any material or information that was not available to Kyriakoudes at the time the report was originally filed. [DE 41, pg. 3]. Defendant adds that Plaintiff's interrogatory answers, served more than a year ago on August 31, 2016, contain the same the information which Plaintiff alleges only recently became available. *Id.* Defendant also rejects Plaintiff's argument that he is justified in supplementing the report with "new facts" obtained in discovery because the updated report did not actually rely on any new facts and in fact only bolstered Kyriakoudes' prior opinion. [DE 41, pg. 4]. Defendant reiterated that the supplemental report would severely delay and prejudice Defendant and would "wreak exactly the sort of havoc that Rule 26 was designed to avoid." [DE 41, pg. 6].

## II. <u>Legal Standard</u>

Federal Rule of Civil Procedure 26(a) and (e) require parties to disclose all bases of their experts' opinions and requires an expert to supplement his or her report in a "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Pursuant to Rule 37(c)(1), a district court clearly has authority to exclude an expert report or strike an expert's testimony where a party has failed to comply with Rule 26(a), "unless the failure is substantially justified or harmless." *U.S. v. Marder*, 318 F.R.D. 186, 190 (S.D. Fla. 2016) (citing *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir.2008)).

4

The burden of establishing that a failure to disclose or comply was substantially justified or harmless rests on the non-disclosing party. *Id.* (citing *Mitchell v. Ford Motor Co.*, 318 Fed. App'x 821, 824 (11th Cir. 2009). In the instant case, the non-disclosing party is Plaintiff. Exclusion may also be appropriate pursuant to Rule 16(b), which authorizes the district court to control and expedite pretrial discovery through a scheduling order and which gives the court broad discretion to preserve the integrity and purpose of the pretrial order, including the exclusion of evidence as a means of enforcing the pretrial order. *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14–CV–24277, 2016 WL 3102225, at *5 (S.D.Fla. June 2, 2016) (citing *Buxton v. Lil' Drug Store Prods., Inc.*, No. 2:02-CV-178, 2007 WL 2254492, at *7 (S.D. Miss. Aug. 1, 2007), *aff'd*, 294 Fed. Appx. 92 (5th Cir. 2008) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990))).

Courts have broad discretion to exclude untimely-disclosed expert witness testimony even if they are designated as "supplemental reports." *Caterpillar Inc.*, No. 14–CV–24277, 2016 WL 3102225, at *5; *See Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1252 (11th Cir. 2007) ("a supplemental expert report may be excluded pursuant to Federal Rule of Civil Procedure 37(c) if a party fails to file it prior to the deadline imposed"); *Cook v. Royal Caribbean Cruises*, No. 11-20723, 2012 WL 2319089 (S.D. Fla. June 15, 2012) (refusing to allow supplemental report after discovery cut-off); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-cv-947, 2009 WL 1139575, at *2 (M.D. Fla. Apr. 27, 2009) ("Rule 26(e) allows supplementation of expert reports *only* where a disclosing party learns that its information is incorrect or incomplete.... [A] report that suffers from a major omission cannot be cured by the use of supplementation.").

A party, therefore, cannot abuse Rule 26(e) and use a supplement to "merely bolster a defective or problematic expert witness report." *Id.* at *6 (citing *Cochran v. The Brinkmann Corp.*, No. 1:08-cv-1790, 2009 WL 4823858, at *5 (N.D. Ga. Dec. 9, 2009) (Rule 26(e) "is not a device to

allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy."), *aff'd*, 381 Fed. Appx. 968 (11th Cir. 2010)); *see also Rojas v. Marko Zaninovich, Inc.*, No. 1:09–CV–00705 AWI, 2011 WL 4375297, at *6 (E.D.Cal. Sept. 19, 2011) ("An expert's duty to supplement under Rule 26(e), is not a right to supplement at will."). A party may not supplement as a way to remedy a deficient expert report. *Caterpillar Inc.*, No. 14–CV–24277, 2016 WL 3102225, at *6. Rule 26(e) solely permits supplemental reports for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report. *Id.*

### III. **Discussion**

The Court has carefully considered the Motion, Response, and Reply, and held a hearing on the Motion on November 27, 2017. The matter is now ripe for review. The Court finds that the Plaintiff's Supplemental Expert Report served upon Defendant on November 13, 2017 is untimely and should be stricken. Plaintiff has failed to establish that his failure to supplement Kyriakoudes' report in a timely manner was either substantially justified or harmless, and the Court finds that allowing the supplemental report would indeed greatly prejudice Defendant. Further, allowing the supplemental report would disrupt the scheduling order in this case and unnecessarily delay this matter.

On September 19, 2016, the Court ordered that the deadline for Plaintiff to file his expert disclosures be extended to September 26, 2017. Thus, Plaintiff received an additional two months to provide his amended expert disclosures [DE 30]. The Court specifically stated that Plaintiff "had more than sufficient time to become familiar with the facts of this case and to determine… what expert testimony he plans to introduce." [DE 30, pg. 2]. The Court also clarified that Plaintiff "may not unilaterally extend this Court's mandatory scheduling deadlines without first seeking leave of the

Court to do so." *Id.* Nevertheless, Plaintiff waited until November 13, 2017 – eight days prior to the scheduled deposition of Dr. Kyriakoudes [1] – to provide Defendant with Dr. Kyriakoudes' supplemental report.

The supplemental report provided cited to no newly discovered evidence, but solely relied on evidence that had already been available to Dr. Kyriakoudes and Plaintiff since *2016*. Rule 26(e) is clear: a supplement is only appropriate if the disclosure is incomplete or incorrect in a "material respect," and the additional information *"has not otherwise been made known to the other parties during the discovery process."* Fed. R. Civ. P. 26(e) (emphasis added). The information that Kyriakoudes relied upon was made available in the 2016 interrogatories of Plaintiff. The expert's additions to the report were not to correct any existing information, but rather to bolster the existing opinion and include impermissible opinions after the expert disclosures deadline. Furthermore, nothing prevented the expert from interviewing the decedent's family or collecting further information regarding the decedent at an earlier date to allow for a more timely report.

Plaintiff also argued that the supplemental information was minor and contained only 3.5 additional pages of opinion. This argument fails. Not only did the amended report rely on more than 1,000 additional documents and materials, but the report's characterization of Kyriakoudes' opinion significantly changed from a generic opinion regarding the tobacco industry to one which applied directly to the decedent. A supplemental report of this nature would require Defendant to have its own experts review and respond to the additional opinions, thus necessitating a lengthy delay.

---

[1] The Court notes that Kyriakoudes' deposition had been scheduled for November 21, 2017 [DE 36, pg. 3]. Upon review of Defendant's Expedited Motion to Strike Plaintiff's Purported "Updated" Report from Plaintiff's Historian Expert Louis M. Kyriakoudes, Ph.D. [DE 36], the Court expedited the briefing and set a hearing for November 27, 2017 [DE 37]. The Court directed that Kyriakoudes' November 21, 2017 deposition be cancelled and held in abeyance until such time as the Court had an opportunity to rule on Defendant's motion to strike. The purpose of the Court's cancellation of Kyriakoudes' November 21, 2017 deposition was so that the parties' counsel would have clear guidance from the Court as to which report of Kyriakoudes should be addressed at his deposition. Now that the motion to strike has been resolved, the Court directs that the deposition of Kyriakoudes proceed on December 5, 2017, as announced in open court at the hearing.

Finally, Plaintiff's argument that Plaintiff disclosed that Kyriakoudes "may also be called to discuss the historical issues discussed above as they relate and apply to plaintiff-specific situations in historical time and locales" does not suffice. The report provided to Defendant on two separate occasions (July 27, 2017 and September 26, 2017) contained no reference to plaintiff-specific situations. It is the information provided in the report that prevails, not the information provided in the notice. Rule 26(a)(2)(B)(i-vi) is clear on this. Plaintiff is not permitted to skate around the scheduling order by referencing to what a report might contain in the future. Plaintiff produced a report of Kyriakoudes and that report is what controls pursuant to Rule 26(a)(2)(B)(i-vi).

In sum, Plaintiff has failed to meet its burden of establishing that the untimely supplemental report containing new opinions was substantially justified or harmless. The supplemental report was untimely and improper, and an abuse of the rules of expert disclosure. Allowing Dr. Kyriakoudes' to testify as to the additional matters presented in the report served on November 13, 2017 would be harmful and severely prejudicial to Defendant, would significantly delay this case, would require a modification of pre-trial deadlines and the trial date, and would unfairly absolve Plaintiff of more than one violation of the expert disclosure rule. This case has been pending over two and a half years. Plaintiff has had plenty of time to garner its experts and provide their reports in a timely manner. Plaintiff's dilatory conduct regarding its expert disclosure obligations will not be permitted.

### IV. Conclusion

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendant's Expedited Motion to Strike Plaintiff's Purported "Updated" Report from Plaintiff's Historian Expert Louis M. Kyriakoudes, Ph.D. [DE 36] is **GRANTED.**

2. The deposition of Dr. Kyriakoudes will go forward on December 5, 2017. Dr.

Kyriakoudes is only permitted to testify on the opinions given in the July 27, 2017 and September 26, 2017 expert reports.

3. In order to allow for the completion of Dr. Kyriakoudes' deposition and its possible use in conjunction with any substantive motions, the substantive pretrial motion deadline shall be extended ten (10) days. The parties shall file all substantive pretrial motions on or before December 15, 2017. All other deadlines remain in place.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of November, 2017.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE