IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81171-CIV-MARRA/MATTHEWMAN

HERBERT POTISH, as
Personal Representative of the
Estate of LENA POTISH deceased,

    Plaintiff,

v.

R.J. REYNOLDS TOBACCO COMPANY,
Individually and as successor by
Merger to Brown & Williamson
Tobacco Corporation, a North Carolina
Corporation,

    Defendants,
_____/

## DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S MOTION FOR FORTY-EIGHT HOURS ADVANCE NOTICE OF WITNESSES AND EXHIBITS PRIOR TO PRESENTATION AT TRIAL

Defendant R.J. Reynolds Tobacco Company ("Reynolds") respectfully requests that the Court enter an order pursuant to Fed. R. Civ. P. 16(c)(2)(L),(P) requiring each party to disclose the witnesses and exhibits that the party intends to present or introduce at trial at least forty-eight hours in advance of doing so.[1]

This advance-notice procedure has been shown to improve the efficiency of trials in smoking and health cases. Indeed, this very same procedure has been used routinely—either by agreement or pursuant to Court order—in numerous federal and state court tobacco trials. *See,*

---

[1] Reynolds's Motion does not seek to require forty-eight hour advance notice of exhibits that a party will use during cross-examination. The determination of exhibits to be used on cross-examination depends on the evidence introduced during direct examination. Reynolds acknowledges that this cannot be determined in advance. Exhibits that will be used during cross-examination should therefore not be subject to this request for an advance-notice requirement.

1

*e.g.,* Joint Stipulation to Forty-Eight Hours Advance Notice of Witnesses and Exs. Prior to Presentation at Trial, *In Re: Engle Cases (Aycock, Denton, Duke, Gollihue, McCray, Pickett, Walker),* No. 3:09-cv-10000-J-32HTS (M.D. Fla. Jan. 20, 2012); Order at p. 15, ¶ 82, *In Re: Engle Cases (Avant, Fazekas, Giddens, Graham, Reider, Searcy),* No. 3:09-cv-10000-J-32JBT (M.D. Fla. Feb. 14, 2013) (granting the defendants' Motion for 48 Hours Advance Notice of Witnesses and Exs. Prior to Presentation at Trial); Agreed Order on Defs.' Mot. for Forty-Eight Hours Advance Notice of Witnesses and Exs. Prior to Presentation at Trial, *In Re: Engle Progeny Cases Tobacco Litig. (McCoy)*, No. 08-80000 (19) (Fla. 17 Cir. Ct. July 1, 2015); Order on Additional Pretrial Mots. at p. 4-5, ¶ 18, *Fields v. R.J. Reynolds Tobacco Company*, No. 2008-01274 CA 27 (Fla. 11th Cir. Ct. Aug. 1, 2017) (Composite Exhibit A).  The Court should grant Reynolds's Motion and adopt this procedure here.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

The right to due process includes the ability to effectively challenge evidence and confront witnesses.  In complex cases, therefore, it has become standard practice to require advance notice of when parties intend to call their witnesses to testify.  *See, e.g., United States v. Cerna,* No. 08-730, 2011 WL 838897, at *4 (N.D. Cal. Mar. 3, 2011) (forty-eight hour notice "will allow for the orderly progression of trial and will greatly facilitate matters, especially given that the government's witness list contains 252 witnesses"); *Kirola v. City and County of San Francisco,* No. 07-3685, 2010 WL 3476681, at *13 (N.D. Cal. Sept. 2, 2010) (forty-eight hour notice granted as "necessary to ensure the availability of [100 potential] witnesses [and] enhance the efficiency of trial"); *Meridian Enters. v. Carlson Mkt'g Group, Inc.,* No. 01-1955, 2004 WL 5625860, at *l (E.D. Mo. Jan. 28, 2004) (granting 48 hours advance notice of witnesses).  The required advance-notice period makes sense as a trial management tool for at least three reasons:

2

*(1) Preparation and Trial Efficiency.* Advance notice ensures that the Court and counsel have sufficient time to address objections to the hundreds of exhibits that are typically used in smoking and health cases outside the presence of the jury.[2] Proceedings in the *Hess* case, an *Engle* progeny trial in Broward County, illustrate the problems that arise *without* a forty-eight hour advance-notice period. The court in *Hess* entered an order (submitted by the plaintiff over the defendant's objection) that "each party shall disclose the witnesses and exhibits they plan to introduce at trial the day before they intend to do so." Order on Defs.' Mot. for Forty-Eight Hours Advance Disclosure of Witnesses and Exs. Prior to Presentation at Trial, *In Re: Engle Progeny Cases Tobacco Litig. (Hess, Sherman),* No. 07-11513, No. 07-23438 (Fla. 17th Cir. Ct. Nov. 17, 2008) (Exhibit B). Accordingly, the plaintiff's counsel did not disclose the exhibits he planned to introduce until after trial proceedings had concluded on the day before their introduction. *See* Trial Tr. at 792:19-795:25, *In Re: Engle Progeny Cases Tobacco Litig. (Hess),* No. 07-11513 (Dec. 4, 2008) (noting that the defendant was provided with a list of forty-eight exhibits for the plaintiff's expert at 5:00 p.m. on the day before the expert testified) (Exhibit C).

Providing such short notice of proposed trial exhibits—*i.e.,* the night before—effectively limits the opposing party to asserting its objections at the start of the next trial day or during the sponsoring witness's testimony, thus slowing the pace of the trial and impeding judicial efficiency. Indeed, in *Hess,* the defendant had multiple legal challenges to various exhibits to be used with the plaintiff's expert, *id.* at 792:19-794:7 (Exhibit D), but was unable to present all of

---

[2]   Reynolds believes that these advance notice requirements should be put into place as an additional safeguard to the Court's exhibits objection deadlines. *See* [D.E. 22]. Reynolds anticipates that Plaintiff's exhibit list will include thousands of exhibits but that Plaintiff will only actually use a select subset of these exhibits with his expert witnesses at trial. The sheer number of exhibits on Plaintiff's exhibit list makes it extremely difficult for Reynolds to properly frame and articulate its objections to Plaintiff's exhibits that he will actually use at trial—especially when the Court has not yet ruled on motions in limine.

those challenges before the jury was seated, i*d.* at 802: 1-14 (Exhibit E). As a result, defense counsel had to make seriatim objections to exhibits as they were introduced through the plaintiff's expert. The Court in turn had to excuse the jury on five separate occasions during the expert's direct examination alone to resolve those objections. *See id.* at 828:17-21, 840:22-841:2, 851:8-20, 880:14-23, 899:15-19 (Exhibit F). Had the forty-eight hour rule been in effect, the Court and parties in *Hess* could have set aside time to hear argument on the defendant's objections outside the presence of the jury either at the end of the day before they were to be introduced or schedule time at the beginning of the next day before the jurors were seated.

*(2) **Juror Time and Prejudice.*** Ordering a forty-eight hour notice period will avoid the risk of prejudice that often results from erroneous inferences by jurors that one of the parties is improperly delaying the proceedings. Additionally, many other case-specific legal issues may arise and need to be addressed during the course of the trial. This is especially true since this is a non-*Engle* smoking and health case, which presents its own unique set of legal issues and challenges. Without question, repeatedly excusing the jury to resolve evidentiary issues and deal with objections will only prolong the trials and needlessly waste the jury's time. A forty-eight hour advance notice period reduces the need for such interruptions and thereby facilitates more efficient and less time-consuming trial proceedings.

*(3) **Adequacy of the Record.*** By providing sufficient time for preparation, forty-eight hour advance notice will provide the parties a meaningful opportunity to be heard and ensure that objections are properly preserved for appellate review.

## **CONCLUSION**

For all of the foregoing reasons, the Court should grant Reynolds's Motion for Forty-Eight Hours Advance Notice of Witnesses and Exhibits Prior to Presentation at Trial. A copy of Reynolds's proposed Order granting its Motion is attached hereto as Exhibit G.

## **LOCAL RULE 7.1(a)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the parties have conferred in a good faith effort to resolve the issues raised in this Motion and have been unable to do so.

Respectfully submitted,

*/s/ Spencer M. Diamond*
W. Randall Bassett
Florida Bar No. 38813
rbassett@kslaw.com
Kathryn S. Lehman
Florida Bar No. 0095642
klehman@kslaw.com
Spencer Diamond
Florida Bar No. 91009
sdiamond@kslaw.com
KING & SPALDING
1180 Peachtree St. NE
Atlanta, GA 30309-3531
Telephone: 404-572-4600

and

Stephen J. Krigbaum
Florida Bar No.: 978019
skrigbaum@carltonfields.com
Garth T. Yearick
Florida Bar No.: 0096105
gyearick@carltonfields.com
CARLTON FIELDS JORDEN BURT, P.A.
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, FL 33401
Telephone: (561) 659-7070

*Attorney for R.J. Reynolds Tobacco Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 15, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify the foregoing document is being served this day on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Spencer M. Diamond*
Spencer M. Diamond
*Attorney for R.J. Reynolds Tobacco Company*
