IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81171-CIV-MARRA/MATTHEWMAN

HERBERT POTISH, as
Personal Representative of the
Estate of LENA POTISH, deceased,

  Plaintiff,

v.

R.J. REYNOLDS TOBACCO COMPANY,
Individually and as successor by
Merger to Brown & Williamson
Tobacco Corporation, a North Carolina
Corporation,

  Defendants,
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS

  Plaintiff Herbert Potish, as Personal Representative of the Estate of Lena Potish, deceased, respectfully submits his Response in Opposition to Defendant's Motion for Summary Judgment on All Claims and states:

  **I. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED**

  Defendants' Motion for Summary Judgment on All Claims should be denied because Defendant has not established the absence of genuine issues of material fact by showing that a complete failure of proof concerning an essential element of Plaintiff's case renders all other facts immaterial. Summary judgment is not proper.

## **STANDARD OF LAW**

Summary judgments are only warranted "if the movant shows that there is no genuine dispute as to any material fact" and is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact that should be decided at trial." *Hernandez v. Altec Envtl. Prods., LLC*, 903 F. Supp. 2d 1350, 1355 (S.D. Fla. 2012) (Marra, J.) (internal quotation marks and citation omitted). "In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party." *Rich v. Secretary, Fla. Dept. of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013) quoting *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Cntys. in State of Ala.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (quotation marks and alterations omitted). Even if the moving party can make such an affirmative showing, it is still only entitled to summary judgment if, thereafter, the nonmoving party, in response, does not come forward with significant, probative evidence demonstrating the existence of a triable issue of fact. *Id*.

When ruling on summary judgment, the Court must draw all inferences in the light most favorable to the non-moving party. *Id*. The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986), and any doubts in this regard should be resolved against the moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).

## ARGUMENT

As explained in more detail below, the evidence of reliance which will be presented by Plaintiff at trial in this case is precisely the same evidence that has formed the basis of successful plaintiffs' verdicts on fraud and conspiracy to commit fraud in other tobacco cases across the state. In fact, the Fourth DCA specifically addressed the issues raised in Defendant's Motion and rejected Defendant's arguments with respect to evidence sufficient to prove the reliance element of the fraud claims. *See*, *Philip Morris USA v. Naugle,* 103 So.3d 944 Fla. 4th DCA 2012). As noted therein, "[i[t is not necessary that a direct statement be made to the representee in order to give rise to the right to rely upon the statement, for it is immaterial whether it passes through a direct or circuitous channel in reaching him, provided it be made with the intent that it shall reach him and be acted on by the injured party. *Id* at 947.

Defendant's Motion hinges on the question of reliance. Plaintiff does not dispute that he must prove reliance; that is, Plaintiff must prove a causal connection between Defendant's fraudulent concealment and conspiracy and Mrs. Potish's continued smoking.

By filing this Motion for Summary Judgment, Reynolds seeks judgment as a matter of law. However, "reliance on misrepresentations and a duty to inquire are usually determinations for the trier of fact." *Pinzl v. Lapointe*, 426 So.2d 65, 66 (Fla. 5th DCA 1983) (reversing the dismissal of an amended complaint for failure to stae a claim in fraud or misrepresentation). *See also*, *Regnvall v. Sayle*, 45 So.2d 674 (Fla. 1950); *Butts v. Dragstrem*, 349 So. 2d 1205 (Fla. 1st DCA 1977); *Cath-Art Products Co., Inc. v. Bornman*, 260 So.2d 885 (Fla. 3d DCA 1972); *Gonzalez v. Patane*, 234 So.2d 8 (Fla. 3d DCA 1970); *Warner v. Harris Miami Beach, Inc.*, 219 So.2d 93 (Fla. 3d DCA 1969). For that reason alone, this Court should deny Defendant's Motion and allow the trier of

fact, the jury, to hear the evidence and make a determination based upon the evidence presented at trial.

The question then is: what sort of evidence is sufficient to support a jury verdict of reliance? Again, we begin with a point that is not disputed. Under Florida law, jury verdicts, including jury verdicts on fraud, are often supported entirely by circumstantial evidence. *Bacon Bacon Mfg. Co., Inc. v. Bosney Partners*, 62 So. 2d 1285, 1287-88 (Fla. 2d DCA 2011) (court should be hesitant to grant directed verdicts in a fraud case based on circumstantial evidence); *State Farm Mut. Auto. Ins. Co. v. Weiss*, 410 F. Supp. 2d 1146, 1159 (M.D. Fla. 2006) (issues of fraud, including reliance, should be decided by juries because they are factual determinations "often based on circumstantial evidence"; *Thor Bear, Inc. v. Crocker Mizner Park, Inc.,* 648 So. 2d 168, 173 (Fla. 4th DCA 1994) (circumstantial evidence on fraud and reliance create fact issues for the jury); *Pinzl v. LaPointe,* 426 So. 2d 65, 66 (Fla. 5th DCA 1983) (reliance is a question of fact).[1]

"Generally, the issue of fraud is not properly the subject of summary judgment, because a resolution of the issues involved requires an exploration of the relevant facts and circumstances, and thus a court can seldom determine the presence of fraud absent a trial or evidentiary hearing. *Robinson v. Kalmanson,* 882 So. 2d 1086, 1088 (Fla. 5th DCA 2004); *Amazon,* 390 So. 2d at 385. This is because the questions of actual misrepresentation, intent, knowledge and reliance all turn on factual determinations, which are often based on circumstantial evidence. *See Cohen v. Kravit Estate Buyers, Inc.,* 843 So.2d 989, 991 (Fla. 4th DCA 2003) (issues, including intent, frequently require circumstantial evidence of intent and knowledge); *Thor Bear, Inc. v. Crocker Mizner Park,*

---

[1] Numerous courts throughout the country permit proof of reliance by circumstantial evidence. *See, Burch v. Burdess,* 521 So. 2d 921, 923 (Ala. 1988); *Kopeikin v. Merchants Mang. & Trust Co.*, 679 P.2d 599, 602 (Colo. 1984); *Van Meter v. Gutierrez,* 897 So. 2d 781, 787 (La. App. Ct. 2005); *Poulsen v. Treasure State Indus.*, 626 P.2d 822, 827 (Mont. 1981); *City of Fairbanks v. Amoco Chem. Co.*, 1995 WL 15591 at *2 (9th Cir. Jan. 13, 1999); *Stanich v. Travelers' Indent. Co.*, 249 P.R.D. 506, 519 (N.D. Ohio 2008); *In re Mounce*, 390 B.R. 233, 248 (Bankr. W.D. Tex. 2008).

*Inc.,* 648 So. 2d 168, 173 (Fla. 4th DCA 1994) (reliance); *Patterson v. Cincinnati Ins. Co.,* 564 So.2d 1149, 1151 (Fla. 1st DCA 1990) (misrepresentation); *Pinzl v. LaPointe,* 426 So. 2d 65, 66 (Fla. 5th DCA 1983) (reliance).

This, of course, is consistent with the Second DCA's opinion in *Evers v. R.J. Reynolds Tobacco Co.,* 195 So. 3d 1139, 1140 (Fla. 2d DCA 2015) ("We conclude the trial court erred in directing a verdict in favor of the tobacco companies where there was circumstantial evidence from which the jury could have concluded that Ms. Lloyd relied on the tobacco companies' misleading advertising campaigns"). In *Evers*, the Second District Court of Appeal reversed the trial courts' order directing a verdict in favor of the Defendant where there was circumstantial evidence of the smokers' reliance on the tobacco companies misleading advertising campaigns.

Similarly, the Second DCA in *Hallgren*, 124 So. 3d 350, 353 (Fla. 2d DCA 2013); cites with approval, the First District's opinion in *Martin*.

> Further, under the First District's decision in R.J. Reynolds Tobacco Co. v. Martin, the element of reliance for fraudulent concealment may be inferred from evidence of the pervasive and misleading advertising campaigns perpetuated by the Tobacco Companies…. Thus, based on the evidence presented and the inference of reliance permitted under Martin, we conclude that the theories of liability for both the fraudulent-concealment and conspiracy claims are inextricably intertwined and affirmatively demonstrate that Mr. Hallgren's claims were not barred by the statute of repos[.]

*Philip Morris USA, Inc. v. Hallgren*, 124 So. 3d at 353 (citations omitted)

In *Martin*, the First DCA was faced with the same issues raised here and addressed it as follows:

> RJR also argues that Mrs. Martin failed to prove the reliance element of her fraudulent concealment claim because she put on no direct evidence showing Mr. Martin relied on information put out by the tobacco companies omitting scientific findings on the harmful effects of smoking. **But the record contains abundant evidence from which the jury could infer Mr. Martin's reliance on**

5

> **pervasive misleading advertising campaigns for the Lucky Strike brand in particular and for cigarettes in general, and on the false controversy created by the tobacco industry during the years he smoked aimed at creating doubt among smokers that cigarettes were hazardous to health.** *Cf. Bullock v. Philip Morris USA, Inc.*, 159 Cal. App. 4th 655, 71 Cal. Rptr. 3d 775, 792 (Cal. Ct. App. 2008) (plaintiff was not required to prove actual reliance on tobacco company's specific misrepresentation where there was evidence that the company sustained a broad-based public [*1070] campaign for many years disseminating misleading information and creating a controversy over the adverse health effects of smoking intending that current and potential [**23] smokers would rely on the misinformation); *Burton v. R.J. Reynolds Tobacco Co.*, 208 F. Supp. 2d 1187, 1203 (D. Kan. 2002) (jury could infer plaintiff's reliance where evidence showed RJR and co-conspirators "represented to the public that they would take it upon themselves to investigate and determine whether there were health consequences of smoking," but despite evidence of cigarettes' harmful effects RJR "engaged in a publicity campaign telling the public that whether there were negative health consequences from smoking remains an 'open question.'").

53 So. 3d 1060, 1069-70 (Fla. 1st DCA 2010) (emphasis added).

Defendant conveniently overlooks *Martin*, and rather refers this court to *Humana, Inc. v. Castillo*, 728 So. 2d 261 (Fla. 2d DCA 1999) and *Berger v. Philip Morris USA, Inc.*, 101 F. Supp. 3d 1228, 1236 (M.D. Fla. 2015). First, there is no inconsistency between *Humana* and *Martin*. *Martin* breaks no new ground in its holding that reliance can be proven by circumstantial evidence and remains good law. Equally important, *Humana* says nothing about how plaintiffs must prove reliance.

*Humana* was before the Second District on class certification and the court was considering the plaintiff's argument that it had no obligation to prove reliance at all. *Humana*, 728 So.2d at 263. According to the plaintiff in *Humana*, reliance could be assumed in every case, as to every member of the putative class (regardless of the facts relevant to that plaintiff), merely by proving fraudulent concealment. *Id*. The Second District merely reached the unremarkable conclusion that

6

reliance must be proven by a plaintiff, and cannot be assumed as to every member of the class without individual proof. *Id*. At 264-65.

The *Berger* case from the Middle District is clearly distinctive from this case, both factually and procedurally. It should first be noted that *Berger* was decided *after* trial on the defendant's renewed motion for judgment as a matter of law. *Berger*, 101 F. Supp. 3d at1231, 1235. It is also important to note that in *Berger*, the injured smoker was alive and to testify as to direct evidence regarding her reliance. As noted above, "the issue of fraud is not properly the subject of summary judgment, because a resolution of the issues involved requires an exploration of the relevant facts and circumstances, and thus a court can seldom determine the presence of fraud absent a trial or evidentiary hearing." *Robinson,* 882 So. 2d at 1088. This was evident in the Middle Districts ruling in *Berger*.

*Martin* did not control the Middle District's review under Fed. R. Civ. P. 50(b) in *Berger* because it was a question of sufficiency of evidence. *Berger*, 101 F. Supp. 3d at1237. Summary judgment is a determination as to whether a genuine issue of material fact exist, with the court considering all inferences in the light most favorable to the non-moving party. *See* Fed. R. Civ. P. 56.

Additionally, Reynold's argument ignores the distinctions between affirmative fraud and concealment. Proof of affirmative fraud generally requires proof of a particular false statement and direct reliance upon that statement. But here, the focus is on what Reynolds ***did not say***. How does one prove direct reliance in the sense argued by Defendant on a statement that was never made? The more proper question is whether the evidence demonstrates that Mrs. Potish would have made different choices had the health risks and addictive nature of tobacco not been hidden from her. *See Engle*, 945 So. 2d at 1269 (distinguishing affirmative fraud from concealment). The evidence

7

establishes that Mrs. Potish would have made different choices had Defendant not concealed what it and its co-conspirators knew about the harmful effects of smoking cigarettes and their addictive nature.

Here, Plaintiff intends to meet his burden by offering ample evidence that Mrs. Potish relied to her detriment upon the statements and/or omissions of Defendant. Plaintiff will present evidence of reliance at the time of trial, the jury will hear that evidence of reliance, and will be able to draw inferences based upon facts in evidence. Plaintiff anticipates the jury hearing and receiving direct evidence that:

- Defendant and its co-conspirators spent billions of dollars designing their cigarettes and influencing smokers to continue smoking;

- Mrs. Potish switched to Capri cigarettes, a filtered, longer cigarette, after seeing an advertisement for the brand in a magazine (Depo of Herbert Potish at 430:5 – 431:15), and Defendant failed to disclose the true effects of those cigarettes while advertising in such a way as to promote them as safer;

- Defendant advertised heavily in newspapers, magazines, movies, billboards, television, radio and at sporting events, and Mrs. Potish was exposed to, saw, and read advertisements by the Defendant.

- Defendant expected consumers to rely upon their advertising and marketing as truthful and anticipated consumers would rely upon the advertising;

- Defendant failed to disclose information that would have been important to Mrs. Potish's ability to make an informed decision about continuing to smoke and the addictive nature of smoking filtered cigarettes;

- Mrs. Potish was exposed to Defendant's pervasive misleading advertising and on the false controversy over the adverse health effects of smoking and believed that because "she had smoked for so long that if she stopped she would get sick," because "her body was so used to cigarettes." Sept. 29, 2017 Lori Gynizio Deposition Transcript ("L. Gynizio Dep.") at 143-145.

- Even on her deathbed, Mrs. Potish did not fully understand the health repercussions of her smoking. Pl. Dep. III" at 423 (Q. Do you know when your wife first recognized that smoking carried health risks? A. I don't know if she ever recognized it. Her dying words were, "How the hell did this happen to me?") Sept. 29, 2017 Rick Potish Deposition Transcript ("R. Potish Dep.") at 209-212 (…there was a moment there

8

where she just was sitting there and she was just like – you know, she looked pitiful and she goes – she goes – how did this happen to me?"

- Mrs. Potish was justified in relying on Defendant's falsehoods because it intended people to rely upon their advertising as truthful.

These are just some of the facts upon which the jury will be able to rely upon to reach its verdict. This Court should follow *Hallgren* and *Evers*, and allow Plaintiff to present his fraudulent concealment and conspiracy to commit fraud by concealment claims to the jury.

WHEREFORE, Plaintiff respectfully requests this Honorable Court deny Defendant's motion.

Dated:       January 22, 2018                   Respectfully submitted,

**GARY, WILLIAMS, PARENTI, WATSON & GARY, P.L.L.C.**
221 S.E. Osceola Street
Stuart, FL  34994
(772) 283-8260 – Telephone
(772) 220-3343 – Facsimile


By:    */s/ Charles L. Scott, Jr.*
       Willie E. Gary
       Florida Bar No.: 187843
       Charles L. Scott, Jr.
       Florida Bar No.: 123168
       weg@williegary.com
       cscott@williegary.com
       tobacco.efile@williegary.com

       *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 22, 2018 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Charles L. Scott, Jr.*
**Attorney for Plaintiff**